UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 2:13-CR-70 |
| | ) |
| CRYSTAL RENEE DAWN POORE | ) |

### ORDER ON DISCOVERY AND SCHEDULING

TO COUNSEL OF RECORD: PLEASE READ AND FOLLOW THIS CAREFULLY. IT AFFECTS YOUR CLIENT'S RIGHTS.

I.  (A) Not later than five (5) days after arraignment, the defendant shall request from the government in writing any discovery within the scope of Rule 16(a)(1), Federal Rules of Criminal Procedure. The government, within five (5) days of receipt of the request shall provide to the defendant, or comply to the extent then possible, all discovery within the scope of Rule 16(a)(1), Federal Rules of Criminal Procedure.

(B) Not later than ten (10) days after arraignment, the government shall request from the defendant in writing any discovery within the scope of Rule 16(b)(1), Federal Rules of Criminal Procedure. The defendant shall provide to the government, or comply to the extent then possible, all discovery within the scope of Rule 16(a)(2), Federal Rules of Criminal Procedure.

(C) It shall be the continuing duty of counsel for all parties to immediately reveal to opposing counsel all subsequently-discovered information or other material within the scope of this order or Rule 16.

II. If the provisions of Fed.R.Crim.P. 12.2 are implicated, the defendant(s) shall submit the required written notification(s) by the deadline for the filing of pretrial motions set forth in paragraph XV following.

III. Disclosures as to expert witnesses are governed by Rule 16(a)(1)(G) and (b)(1)©, Federal Rules of Criminal Procedure. Such disclosures for expert witnesses which a party intends to call in its case-in-chief at trial are to be made, to the extent then possible, in accordance with Section I above, and any event not later than the final pretrial conference unless good cause is shown for later disclosure.

If either the government or a defendant intends to offer the testimony of an expert

witness in conjunction with any pretrial hearing in order to give an opinion based upon scientific, technical, or other specialized knowledge, the party intending to utilize the witness shall notify opposing counsel at least five (5) business days prior to the hearing and furnish a written summary of the testimony which shall describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications.

IV. The Government shall reveal to the defendant, and permit defendant to inspect and copy all evidence known to the Government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and *Giglio v. United States*, 405 U.S. 150 (1972) (impeachment evidence). *Evidence favorable to the defendant as to guilt and/or punishment must be disclosed not later than fourteen (14) calendar days prior to the commencement of the trial, and impeachment evidence must be disclosed not later than seven (7) calendar days prior to the commencement of the trial.*

To avoid disruptions in the progress of the trial, and perhaps even continuances of the trial, the Court strongly urges the government to reveal Jencks Act material to defense counsel before the commencement of trial.

V. The Government shall state whether the defendant was identified in any lineup, show up, photo spread, or similar identification proceedings, and produce any pictures utilized or resulting therefrom.

VI. The Government shall advise its agents and officers involved in this matter to preserve all rough notes. Rough notes which contain the substance of any relevant oral statements made by defendant before or after arrest in response to interrogation by a person the defendant knew was a government agent are subject to disclosure pursuant to Rule 16(a)(1)(B)(ii), Federal Rules of Criminal Procedure.

VII. The Government shall state whether the defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance and, if so, shall set forth in detail the circumstances thereof.

VIII. Upon request, the Government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a Government expert as those of the defendant.

IX. If a defendant files (1) a motion to exclude an audio or video recording because the allegedly inaudible and/or unintelligible portions of the recording are so substantial

2

as to render the recording as a whole untrustworthy, or (2) a motion to prohibit the use of a transcript of a recording, then a "*Robinson*" hearing may be required. *See, United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983).

On or before fourteen (14) days before the pretrial conference, counsel for a defendant who is seeking to exclude a recording or transcript shall arrange through the Clerk and counsel for the government to have the recordings played on the audio and/or video equipment in the courtroom to be used at trial, or the equipment which the government intends to use at trial or comparable equipment. After defendant's counsel has listened to the recording, defendant's counsel will, not later than seven (7) days before the pretrial conference, identify to the government's counsel what recording or portions of a recording the defendant insists should be wholly excluded as untrustworthy under *Robinson.*

If the government intends to prepare and submit to the jury transcripts of any recording, it shall submit those transcripts to defense counsel at the time the recording is reviewed so that any objections to such transcripts may be presented at the time of the *Robinson* hearing. Counsel shall review any transcripts contemporaneously with his/her review of the actual recordings and, on or before seven (7) days prior to the pretrial conference, identify to the government's attorney all portions of the transcripts claimed to be inaccurate or unverifiable after listening to the recordings themselves.

If defense counsel continues to insist that an entire recording should be excluded as untrustworthy under *Robinson,* a hearing will be held at the pretrial conference and motion hearing. Similarly, a hearing will be conducted at the same time regarding the accuracy of any transcript which is disputed by the defendant. If such a hearing is required, the government and the Clerk shall have available for the Court's use the audio and/or video equipment to be used at trial or comparable equipment. The Magistrate Judge shall be notified by defense counsel if such a hearing will in fact be needed.

X. If the government intends to offer evidence under F.R.E. 801(d)(2)(E), then the admissibility of an alleged co-conspirator's statements under F.R.E. 801(d)(2)(E) will be determined in accordance with *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979); specifically, such statements will be admitted subject to a later demonstration during the trial by a preponderance of the evidence that the statements were made during the course and in furtherance of the conspiracy.

If the government intends to introduce a co-conspirator's statements under F.R.E. 801(d)(2)(E), the government shall file a notice not later than the Friday preceding the

3

commencement of the trial. The notice must include the following: (1) the substance of the statements to be introduced under F.R.E. 801(d)(2)(E); (2) when those statements were made, where those statements were made, and to whom they were made; and (3) a summary of the evidence which the government will present to establish the existence of the conspiracy, that the declarant was a member of that conspiracy, and that the statements were made during and in furtherance of the conspiracy.

If the defendant intends to contest the admissibility of any statements offered under Fed.R.Evid. 801(d)(2)(E), prior to the commencement of the trial, the defendant shall file and serve upon the government's attorney a motion in which defendant shall state the grounds and specify the reasons why the statements are not admissible under F.R.E. 801(d)(2)(E). A copy of such motion shall be delivered to the District Judge contemporaneously with its filing.

XI. Upon request, the government shall provide notice at least seven (7) days in advance of trial, or during trial if the Court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce in its case-in-chief at trial. Pretrial disclosure of such evidence will be excused where its use only becomes indicated due to events at trial or such evidence constitutes legitimate rebuttal evidence.

XII. All motions (including, but not limited to, motions in limine, motions to suppress, and objections to any evidence) shall be filed by **August 29, 2013.** A response to a motion filed by either party shall be filed on or before the last business day immediately preceding the date of the pretrial conference and motion hearing, or within ten days of the filing of the motion, or as directed by the Court, whichever is earlier. FAILURE TO RESPOND TO A MOTION MAY BE DEEMED A WAIVER OF ANY OPPOSITION TO THE RELIEF SOUGHT IN THE MOTION. All motions that require a brief shall be accompanied by a separate brief or they may be subject to summary denial. Local Rule 7.1. Motions will be decided in accordance with Local Rule 7.2; in this regard, the Court may rule upon any motion without a hearing thereon if such is deemed unnecessary by the Court, notwithstanding that a motion hearing has been scheduled.

> If defendant files a motion to suppress a statement, or evidence seized as a result of a search (whether with or without a warrant), defendant's motion shall (1) specify in detail each fact which defendant claims requires suppression of the statement or evidence, and (2) the legal basis supporting suppression. *See, Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Giacalone,* 853 F.2d 470 (6th Cir. 1988); *United States v. Thompson*, 2001 WL 820905 (6th

4

Cir. 2001).

At the hearing before the magistrate judge, defendant shall raise and argue every factual and legal issue which he claims requires suppression. If defendant objects to a Report and Recommendation that his motion to suppress be denied, defendant shall not present to the district judge any factual or legal basis for suppression that was not first presented at the hearing before the magistrate judge unless defendant shows good cause for his failure to do so.

XIII. **Any party filing a motion, response, reply, objection, or any other document requiring action by the Court which exceeds ten (10) pages in length,** *including exhibits***, shall within three (3) days of filing furnish a copy to chambers for use by the Court.**

XIV. If counsel files a motion to adopt any motions of one or more co-defendants, it should be specifically stated which motion(s) counsel wishes to so adopt; counsel shall not file a motion that merely adopts, or requests to adopt, any or all motions of co-defendants.

XV. In the discretion of the District Judge or, where appropriate, the Magistrate Judge, any motion not filed by the deadline herein above established may be denied as untimely.

If no motions are filed, the final pretrial conference/motion hearing will be canceled, unless a party requests otherwise. If a defendant has entered, or will be entering, a guilty plea, that defendant and his/her counsel will not be required to attend a final pretrial conference/motion hearing which may otherwise be held in that action.

If motions have been filed, there will be a final pretrial conference and a hearing on all pending motions before the Magistrate Judge at the United States Courthouse in Greeneville, Tennessee, as follows: **September 12, 2013, at 9:00 a.m.** Counsel who will actually try the case must be present.

Further:

(A) Any defendant who has filed a motion which requires the presentation of evidence must be present, along with his/her counsel. This requirement cannot be waived. The Clerk shall notify the U.S. Marshal of any defendant who is in custody and who must be present in court.

(B) Any defendant who has filed no motions, or who has filed no motions that require the presentation of evidence, may attend the final pretrial

5

conference/motion hearing but is not required to do so. If such defendant is incarcerated and wishes to attend the final pretrial conference/motion hearing, he/she must file a written request with the Clerk to so attend ten (10) days prior to the hearing.

XVI. One principal purpose of this discovery order is to avoid the necessity of defense counsel filing routine motions for discovery or motions to compel discovery. Accordingly, counsel for the defendant(s) shall make a request to the government for each item of discovery sought and be declined prior to the filing of any motion to compel discovery.

XVII. The digital evidence presentation system both facilitates and expedites hearings and trials; the attorneys shall familiarize themselves with this courtroom technology and make full use of it. It is the responsibility of the parties and their attorneys to ensure that any electronic, digital, audio, or video material is compatible with the Court's equipment and that such compatibility has been confirmed well in advance of hearing or trial. Any failure to do so will not be considered sufficient reason for delay or postponement of the hearing or trial. Further, it shall be the responsibility of any party wishing to present such evidence to bring with him or her all equipment necessary, including cables, to be attached to the courtroom Digital Evidence Presentation System.

XVIII. If there is a plea agreement, the fully-executed plea agreement shall be FILED no later than **October 8, 2013**, and the attorneys shall *immediately* so notify the District Judge's law clerk assigned to the case.

XIX. All requests for jury instructions shall be submitted no later than five (5) working days prior to trial.

XX. This matter is set for trial before United States District Judge J. Ronnie Greer and a twelve-person jury to commence at **9:00 a.m. on October 22, 2013.** Prior to trial, all counsel shall confer and shall make every possible effort in good faith to stipulate facts, the truth and existence of which are not contested, in order to expedite the trial of this matter. No stipulation made by defense counsel shall be used against the defendant unless the stipulation is reduced to writing and signed by the defendant and-- his/her counsel. It shall be the responsibility of the government's attorney to initiate contact with defense counsel regarding the possibility of stipulating uncontroverted facts as herein above described.

XXI. If there is a conviction in this matter, a pre-sentence report will be prepared. Neither the pre-sentence report nor objections thereto shall be filed with the Clerk. Rather, all parties shall proceed in accordance with Local Rule 83.9.

XXII. Any motions for downward departures, to include motions pursuant to U.S.S.G. § 5K1.1, or for a sentence below a statutory mandatory minimum must be filed as provided in LR 83.9(k).

SO ORDERED:

 s/ Dennis H. Inman
United States Magistrate Judge