UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:13-CR-70 |
| | ) | |
| CRYSTAL RENEE DAWN POORE | ) | |

## SENTENCING MEMORANDUM

Comes now the United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum in compliance with the Court's Order.

In determining a sentence, the Court must look at the factors outlined in 18 U.S.C. § 3553(a), including:

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

The history and characteristics of the defendant are outlined in great detail in the pre-sentence report and need not be restated. While her life has included incidents which are tragic, and situations you would not wish on anyone, her tragedies do not justify the dark betrayal she perpetrated on her three young children. How can words adequately describe the "nature and circumstances of the offense" when the offense is the rape of young children by the person who by every law of nature is their protector and guardian? Abraham Lincoln said, "all that I am or ever hope to be, I owe to my angel mother;" Robert Browning noted, "motherhood: all Love begins and ends there;" and Eric Fromm stated, "Mother's love is bliss, is peace, it need not be acquired, it need not be deserved. If it is there, it is like a blessing; if it is not there it is as if all the beauty had gone out of life."

The guideline range takes into account the fact that the defendant is a parent, legal guardian, or relative.  Yet, should a mother receive the same two-level increase awarded to an uncle or legal guardian?  The role of mother is like no other.  Female canines and other animals will, without a selfish thought, die to protect their young.  Transference of these valued instinctive qualities to human mothers is assumed in our society.  In most cases, that assumption is valid. This case and other pending before this court prove that all parents do not possess the basic instincts of animals to protect their young.  It is especially sad when the parent not only fails to protect -- but victimizes -- their own children.

   The fact that the defendant is the mother of her victims should be a factor the Court considers. The actions of the defendant do not diminish the importance of motherhood or the positive effect most mothers have on their children.  In this case, unfortunately, the violation of defendant's maternal obligations does increase the magnitude of the damage to the victims.  Hopefully, the youngest child will forget, and the other two will learn to live with their mother's betrayal.

   It is also disturbing that the defendant does not seem to understand the magnitude of the violation she committed, as indicated by her statement to the investigators that she should not have used the camera.  She seemed to think the use of the camera to create child pornography was the mistake, not the rape that she photographed.

**(2) The need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Congress has asked the Sentencing Commission to establish factors based on studies and research to allow the court a starting point for sentencing, and in this case, it is the position of the United States that the guidelines reflect these factors. It is hard to imagine a sentence long enough to adequately reflect the seriousness of this offense. The guideline calculation removes emotion and rationally evaluates the factors mandated by Congress. While providing just punishment in this case seems a question without an adequate answer, the guideline range does result in a just sentence with a rational basis and that is sufficient, but not greater than necessary.

One factor which is of paramount importance in this case is to protect the public from further crimes of the defendant. The defendant is 33 years old. Given her conduct in this case, she should never have access to a young child again. She lacks the morals and judgment to be trusted to be near a child. Her conditions of release should prohibit unsupervised contact with children. Her supervision should be for the remainder of her life. While the United States would certainly recommend mental health treatment for the defendant, it would be foolish to assume the defendant is not a future danger to children. If the Court imposes a guideline sentence, the victims in this case will be adults when defendant is released and they can make the decision as to future contact with their birthmother.

The United States would ask that the Court impose a sentence at the top of the advisory range (365 months). This sentence would take into account the § 3553(a) factors, the multiple victims, the ages of the victims and the fact that the victims were defendant's children. The damage caused by the defendant cannot be quantified. The term of imprisonment should be

followed by a lifetime of supervised release with sex offender conditions.  As defendant's conduct in this case is directly related to the offenses charged in Carter County Criminal Court in case number 22243, the federal and state sentences for this defendant should run concurrently.

    As the Court may note, I do not usually utilize literary quotes in pleadings, but frankly, I do not have the words to address the "nature and circumstance" of this offense.  I only hope these three little girls have not lost the beauty of life.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By:   S/ *Robert M. Reeves*
ROBERT M. REEVES
Assistant U.S. Attorney
220 West Depot Street, Ste. 423
Greeneville, TN  37743
423/639-6759

CERTIFICATE OF SERVICE

    I hereby certify that on October 2, 2014 a copy of the foregoing Sentencing Memorandum was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other interested parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

By:   S/ *Robert M. Reeves*
ROBERT M. REEVES
Assistant U.S. Attorney